IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MAHONEY, et. al.,<br><br>Defendants. | ) | Cause No. CV 07-74-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff's Complaint filed November 19, 2007 (Document 2) and his numerous supplements, notices, briefs and addendums which the Court has construed as Motions to Amend his Complaint. (See Documents 6-18).

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged denial of due process regarding two disciplinary hearings held at the Montana State Prison. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Parties

Plaintiff is a state prisoner currently incarcerated at the Crossroads Correctional Center in Shelby, Montana. He is proceeding pro se.

The named Defendants are: Mike Mahoney, A.W. Beason, Ken Cozby, David Penta,

Ken Neubauer, Carla Strutzel, Michelle L. Steyh, Tim Muller, and John and Mary Doakes. (Document 2, pp. 1, 3-4).

**C. Procedural History**

On November 19, 2007, Plaintiff Michael Ellenburg moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. His motion was granted on December 3, 2007 (Document 4) and his Complaint was deemed filed as of November 19, 2007.

Beginning on December 12, 2007, Plaintiff submitted multiple supplements, briefs, notices and addendums to his Complaint. (See Documents 6-18). These documents included additional claims, defendants and information which Plaintiff apparently wants to include in his Complaint. Accordingly, the Court has construed Plaintiff's supplements, briefs, and exhibits as motions to amend his complaint.

**D. Factual Background**

According to the documents submitted with the Complaint, Plaintiff received a disciplinary report on July 19, 2007 for failing to stand up for count. A hearing was held on July 26, 2007, he was found guilty of the offense and given five days cell restriction. His appeal of that hearing was denied on July 30, 2007. (Document 2-3: Exhibits part 2, pp. 19-22).

On July 28 and July 29, 2007, Plaintiff received disciplinary reports for failing to comply with his disciplinary conditions. A hearing was held on August 2, 2007, Plaintiff was found guilty of both incidents and given 11 days detention which was suspended for 30 days pending clear conduct. Plaintiff's appeal of this hearing was denied on August 6, 2007. (Document 2-3: Exhibits part 2, pp. 23-30).

On August 3, 2007, Plaintiff was again given a disciplinary report for interfering with count. A hearing was held on August 8, 2007 and he was found guilty. His suspended sanctions were revoked and he was referred to "UMT" for case review.[1] (Document 2-3: Exhibits part 2, pp. 31-34).

On September 21, 2007, Plaintiff was charged with extortion, blackmail and offering a contractor a bribe. Plaintiff was again found guilty at a hearing on September 26, 2007. He was given 15 days detention, his hobby permit was revoked and he was again referred to "UMT." (Document 2-3: Exhibits part 2, pp. 35-45).

### E. Plaintiff's Allegations

Plaintiff alleges that he is not guilty of the above offenses and as such, the enforcement of the rules and regulations at the prison did not result in a fair and just treatment of Plaintiff, "only oppressive denials of justice coloring State an[d] Federal Constitutional Laws with atypical and significant hardship(s)." Plaintiff contends that Defendants' actions will inevitably effect the duration of his sentence. (Document 2-5, p. 5).

## II. MOTIONS TO AMEND

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend their pleading once as a matter of course at any time before being served with a responsive pleading. The Court will construe Plaintiff's December 12, 2007 submission as his first motion to amend his Complaint. (Document 6). Thus, Plaintiff has filed his amendment as of right.

Accordingly, Plaintiff may now only amend by leave of court or by written consent of the

[1]Although not defined, the Court assumes "UMT" stands for Unit Management Team.

opposing party. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a); *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). While leave to amend should be freely granted, the United States Supreme Court has also noted times where such an amendment might not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc." *Foman,* 371 U.S. at 182; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."). "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft,* 375 F.3d 805, 808 (9th Cir. 2004)(citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

**A. Futility of Amendments--Failure to exhaust**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also* *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Exhaustion must occur *prior* to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The 42 U.S.C. § 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle,* 435 U.S. 516,

532 (2002).

Although Federal Rule of Civil Procedure 15 provides for amended and supplemental pleadings, the PLRA requires a prisoner to properly exhaust his claims prior to filing suit. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner,* 216 F.3d 970, 982 (11th Cir. 2000); *Williams v. Adams*, 2007 WL 1595457 (E.D.Cal. 2007)(citing *Harris* and not allowing plaintiff to supplement his complaint with new claims which accrued after he filed his original complaint); *Price v. Caruso*, 2007 WL 2914232 (W.D. Mich. 2007) (citing *Harris*). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Harris*, 216 F.3d at 983.

Plaintiff has submitted a number of grievances and inmate request forms which document that he did not complete the grievance process with regard to his dental issues (Document 7-2, pp. 1-4; Document 17-2, pp. 12-16; Document 16, p. 4)[2], the alleged policy violations (Document 9, pp. 1-2; Document 17-2, pp. 18-19, 24-25); and his lost property claims (Document 10, pp. 1-8; Document 12, pp. 1-4; Document 15, p. 1; Document 16, p. 2, 13; Document 17-2, pp. 1-7).[3]

Allowing Plaintiff to amend his original complaint to add the newly named defendants

---

[2]The Court acknowledges that Plaintiff alleges that he had not received proper dental care since April 2006. (Document 7, p. 1). Therefore, it is possible that Plaintiff properly exhausted some of his dental care claims prior to filing his lawsuit on November 19, 2007. However, even if he has properly exhausted some claims they would still be barred by Rule 20's impermissible joinder rule as set forth below.

[3]Plaintiff's lost property claims were raised in his first amendment as of right filed on December 12, 2007. (Document 6). However, given that it is clear that Plaintiff did not completely exhaust this claim prior to filing his lawsuit on November 19, 2007, the claim will be recommended for dismissal.

and new claims when these claims had not been fully exhausted prior to filing his lawsuit would allow Plaintiff to thwart the mandate of 42 U.S.C. § 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. *McKinney*, 311 F.3d at 1199-1201.

**B. Futility of Amendments–Improper Joinder**

In addition to the failure to exhaust problem, Plaintiff's amendments seek to bring a wide variety of claims unrelated to the allegations brought in Plaintiff's original complaint. This is improper under the Federal Rules of Civil Procedure and will not be allowed. As one court has noted, "where, however, the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." *Miss. Assoc. of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).

Federal Rule of Civil Procedure 20(a)(2), titled Permissive Joinder of Parties, in pertinent part, reads:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

Rule 20 is a flexible rule that allows for fairness and judicial economy. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby

preventing multiple lawsuits. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Plaintiff's original complaint was limited to due process claims regarding two specific disciplinary hearings which occurred at Montana State Prison. Plaintiff now seeks to add a denial of dental care claim (Document 7–Plaintiff's Memorandum Brief filed December 26, 2007; Document 8–Addendum filed December 26, 2007 seeking to add defendants from Crossroads Correctional Facility with regard to his denial of dental care claim) and a claim regarding the prisons' failure to follow policy rules (Document 14–Memorandum Brief filed January 3, 2008). These claims are unrelated to Plaintiff's original claims of due process violations. They do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's original due process claims and they lack a question of law or fact common to all defendants. In fact, Plaintiff new claims primarily arise out of his incarceration at the Crossroads Correctional Center in Shelby, Montana. Plaintiff's original complaint was

limited to incidents at Montana State Prison. Plaintiff's new claims against the additional defendants are disparate and unrelated and are inappropriate for joinder under Rule 20. As such, Plaintiff's supplements, notices, briefs and addendums (Documents 7-18) as construed as motions to amend will be denied.

## III. PRESCREENING

### A. Standard

As Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**B. Disciplinary Hearing Claims**

To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

**1. Liberty Interest**

The Court has construed Plaintiff's claims to be allegations of denial of due process rights as it related to disciplinary hearings held at Montana State Prison. In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived of a liberty interest where he was placed at a higher security level than indicated by calculation under controlling prison regulations).

In Plaintiff's case, the threshold requirement for showing a liberty interest is not met. Plaintiff is serving a ten-year term for theft. *See* CON Network, http://app.mt.gov/conweb. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect the sentence in an unexpected manner. Although Plaintiff complains that this discipline will inevitably effect the

duration of his sentence; *Sandin* itself precludes consideration of the effect of Plaintiff's placement on his parole prospects as "too attenuated." *See Sandin*, 515 U.S. at 487. Therefore, the first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met. At most, Plaintiff claims to have received a 36-day term of isolation as a result of the disciplinary hearings at issue. (Document 2-5: Complaint, p. 10, ¶ 19). Thirty-six days in segregation is not atypical or significant in comparison to inmates in protective custody or inmates whose placement has not yet been determined. *See Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence that difference from other kinds of segregation). Placement in segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), and so "comported with the prison's discretionary authority."

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Supreme Court held that placement in a supermax prison gives rise to a liberty interest. However, the Court noted that prison conditions where lights are on 24 hours a day, and exercise is permitted only for one hour per day in a small indoor room would likely apply to most solitary confinement facilities and probably would not, under *Sandin*, give rise to a liberty interest. *See id*. at 223-24. The crucial facts which led to a finding of a liberty interest in *Wilkinson* were (1) that inmates were deprived of "almost all human contact, even to the point that conversation is not permitted from cell to cell"; (2) that placement was for an indefinite period of time, with yearly review; and (3) that inmates lost their parole eligibility. *Id.* The facts alleged by Plaintiff are not remotely comparable. Plaintiff's

placement in segregation for a period of thirty-six days placed him in conditions that are well within prison officials' discretion to impose.

Thus, Plaintiff cannot show that he had a liberty interest in avoiding placement in administrative segregation for 36 days. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003)("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.")(*citing Sandin*, 515 U.S. at 486).[4]

Therefore, it is irrelevant whether Plaintiff received adequate due process protections, because he was not constitutionally entitled to due process.

**2. Due Process**

Even if the Court gives Plaintiff the benefit of any doubt and assumes that he was entitled to the full panoply of due process protections provided where an inmate is deprived of a liberty interest as discipline, the prison complied with the requirements of the Fourteenth Amendment. Those requirements include "advance written notice of the claimed violation and a written statement of the factfinder[] as to the evidence relied upon and the reasons for the disciplinary action taken," *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974); an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; and the assistance of a fellow inmate or a staff member if he is illiterate or if the issues are especially complex, *id.* at

[4]Even if the Court were to allow Plaintiff to amend his complaint regarding the alleged policy violations (See Document 14, p.1), the same analysis would apply. Under *Sandin*, even a violation of mandatory state regulations does not support a due process claim, unless prison officials seek to "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300. Plaintiff has not made this showing.

570. He is also entitled to a finding of guilt that is supported by "some evidence," a standard which is met if "there is *any* evidence in the record that *could* support the conclusion reached" by the fact-finder. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added). Finally, he is entitled to an impartial fact-finder. *See, e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("[t]he due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence.").

Plaintiff's Complaint and exhibits plainly show that all of those requirements were met. Plaintiff has submitted a Disciplinary Infraction Report (signed by him) for each of the above described infractions, he has submitted hearing decision forms (again signed by him) several of which indicate his own statement of the situation, he has submitted disciplinary appeal forms and even disciplinary witness request forms with witness testimony recorded on them. The credibility of the witnesses and evidence is for prison officials, not this Court or a jury, to decide. *Hill*, 472 U.S. at 455. According to Plaintiff's exhibits, the disciplinary decisions and appeals were all signed by impartial individuals who were not involved in the investigation or charging process. (Document 1, Exhibit B, p. 1).

So long as the constitutional requirements are observed, even a prison's violation of its own regulations does not offend due process. *Walker*, 14 F.3d at 1419-20. Plaintiff received constitutional due process. Thus, Plaintiff has failed to state a viable due process claim and these claims will be recommended for dismissal.[5]

---

[5]Even if the Court were to allow Plaintiff to amend his complaint regarding the alleged policy violations (See Document 14, p.1), the same analysis would apply. Under *Sandin*, even a

**C. Wrongful Transfer**

In his first Amendment to his Complaint (Document 6), Plaintiff claims that his transfer from Montana State Prison to Crossroads Correctional Center on November 2, 2007 was done in violation of his Judgment Order issued by Judge Larson of the Montana Fourth Judicial District Court in Missoula, Montana on April 26, 2006. Plaintiff contends that since Judge Larson sentenced him to five years "in the Montana State Prison," he cannot be transferred to any other correctional facility. However, Plaintiff does not have a liberty interest in avoiding being transferred to another prison. *See* *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995)(per curiam); *Quigg v. Slaughter*, 336 Mont. 474, 154 P.3d 1217 (Mont. 2007); *Wright v. Mahoney*, 2003 MT 141, 316 Mont. 173, 71 P.3d 1195 (Mont. 2003). Accordingly, this claim will be recommended for dismissal.

**III. CONCLUSION**

The Court will not allow Plaintiff's second and subsequent amendments to his Complaint and his original Complaint and first supplement fail to state a claim upon which relief may be granted. The deficiencies of Plaintiff's claims, as set forth above, could not be cured by amendment. *See* *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Accordingly, this matter will be recommended for dismissal.

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis

---

violation of mandatory state regulations does not support a due process claim, unless prison officials seek to "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300. Plaintiff has not made this showing.

civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is going to designate this case as Plaintiff's second "strike" under this provision because Plaintiff's claims so clearly fail to state a claim.[6] For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Based on the foregoing, the Court enters the following:

**ORDER**

Documents 8-18 as construed as Motions to Amend are **DENIED.**

Further the Court issues the following:

**RECOMMENDATION**

1. Plaintiff's Complaint (Document 2) and First Supplement (Document 6) should be **DISMISSED.**

2. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The docket shall also reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND**

[6]Plaintiff received his first "strike" in Civil Action No. 06-CV-59-M-DWM.

**CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE.**

DATED this 13th day of February, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge