FILED

MAY 0 7 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | CV 07-74-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Ellenburg is a prisoner proceeding *pro se* in this action against Defendants pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, violations of his right to due process in the context of disciplinary hearings held at Montana State Prison. Magistrate Judge Keith Strong entered Findings and Recommendation (dkt # 19) on February 13, 2008, in which he recommended dismissing Ellenburg's complaint as frivolous. See 28 U.S.C. § 1915A. Ellenburg timely filed objections to the Findings and Recommendation, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Subsequent to the

filing of the Findings and Recommendation, Ellenburg filed a Motion for Evidentiary Hearing and Appointment of Counsel. Dkt ## 23, 25.

## I. Background

Ellenburg is in the custody of the State of Montana Department of Corrections ("DOC"). In July of 2007, Ellenburg was disciplined for failure to stand up for count. He claims that he was unable to stand because doing so would result in a sudden and dangerous drop in his blood pressure due to a serious medical condition. He was subsequently reported for failure to comply with his disciplinary conditions, and then, in August of 2007, was again reported for interfering with count. A disciplinary hearing was held and Ellenburg was found guilty and referred to UMT for case review. Then, in September of 2007, Ellenburg was charged with extortion, blackmail and offering a contractor a bribe. After another hearing he was again found guilty. The incidents resulted in disciplinary action imposed on Ellenburg in the form of 36 days of cell confinement, revocation of his hobby permit, and referral to UMT.

## II. Analysis

### A. Ellenburg's Objections

Ellenburg claims that the actions taken against him were unfair and unjust, and oppressive denials of justice. The heart of his claim is that prison officials are aware of his medical

condition and its effect on his ability to safely stand up for count, and nevertheless demand that he do so. He claims that the discipline visited upon him by the DOC violates his rights. Judge Strong correctly construed these claims as allegations that Ellenburg was deprived of his liberty (albeit a limited liberty in the context of incarceration) without due process of law. The question before the Court is whether the disciplinary procedures employed at the DOC afforded the opportunity for a full and fair hearing at which Ellenburg could defend his refusal to stand up for count, or, in the alternative, violated Ellenburg's guarantee of due process.

As a threshold matter, Ellenburg must show that he has a protected liberty interest at stake. See Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995) ("A due process claim is cognizable only if there is a recognized liberty or property interest at stake."). Taking the facts as Ellenburg presents them, he has not shown that he had a legally protected liberty interest. In a prison setting, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Ellenburg claims that the unfairness perpetrated against him through the DOC disciplinary proceedings will ultimately affect the duration of his sentence. But, the disciplinary actions taken against Ellenburg will not affect the duration of his sentence in a manner the law recognizes. See id. at 487 ("Nor does [plaintiff's] situation present a case where the State's action will inevitably affect the duration of his sentence. . . . The chance that a finding of misconduct will alter the balance [of his sentence by affecting his parole eligibility] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").

Nor did Defendants' actions "impose[] atypical and significant hardship on [Ellenburg] in relation to the ordinary incidents of prison life." Id. at 484. In Sandin, the Court held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. The record shows that, at the time of [plaintiff's] punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody.") Id. at 486. The same is true of Ellenburg's case.[1]

---

[1] Under the same analysis, Ellenburg does not, as he claims, have a liberty interest in avoiding transfer to another prison.

Ellenburg may be claiming that DOC officers demanding he stand up for count, while knowing of his medical condition, imposed an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. While it is not clear that this aspect of Ellenburg's claim meets the threshold requirement of demonstrating a protected liberty interest, even if it does, Ellenburg's claim fails. The record here shows that Ellenburg was afforded due process. See Wolff v. McDonnell, 418 U.S. 539, 563 (1974) (holding that due process requires "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken."). Ellenburg presents no evidence that the disciplinary proceedings at the DOC deprived him of a protected liberty interest without due process of law.

**B. Motions**

    **1. Motion for Evidentiary Hearing**

The Court finds no reason to designate a magistrate judge to preside over an evidentiary hearing. Judge Strong's analysis properly disposes of Ellenburg's claims, and nothing in Ellenburg's objections undermines the correctness of the Findings and Recommendation.

    **2. Motion for Appointment of Counsel**

There is no constitutional right to appointed counsel for a civil action. See, e.g., Campbell v. Burt, 141 F.3d 927, 931

(9th Cir. 1998) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988).

Ellenburg has not shown the required combination of probable success on the merits and inability to articulate his claims pro se in light of the legal issues involved. He has sufficiently articulated his claims, and prescreening shows they are without merit. At the same time, Ellenburg has not shown that success on the merits of his claims can be considered probable.

### III. Conclusion

After de novo review of the record and having considered Ellenburg's objections,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt # 19) are adopted in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(g),

the dismissal of this action counts as a strike.

IT IS FURTHER ORDERED that Ellenburg's Motion for an Evidentiary Hearing and for Appointment of Counsel (dkt ## 23, 25) is DENIED.

IT IS FURTHER ORDERED that the Court certifies, pursuant to Fed. R. App. P. 24(3)(1) that any appeal of this decision will not be taken in good faith, because Plaintiff has raised frivolous claims that no reasonable person would suppose have merit.

Dated this 6th day of May, 2008.

Donald W. Molloy, District Judge
United States District Court